UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RUSSELL HOLLOWAY,<br>Plaintiff,<br>v.<br><br>KILOLO KIJAKAZI,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 23-11854-LTS |

ORDER

September 14, 2023

SOROKIN, J.

Russell Holloway initiated this action by filing a complaint alleging improper changes to his social security benefits. Doc. No. 1. By Memorandum and Order dated August 21, 2023, Holloway was granted leave to proceed *in forma pauperis* and was advised that he failed to allege exhaustion of his administration remedies and that he must do so prior to bringing suit in this Court. Doc. No. 9. To prosecute this case, Holloway was directed to file a second amended complaint alleging exhaustion of administrative remedies. Id.

On September 8, 2023, Holloway filed a response that was entered on the docket as a Letter. Doc. No. 10. Holloway states that after being advised that his "whole benefit amount of [$]1090.00 [would] be taken," he was subsequently advised that "they approved the [$]50.00 repayment amount" and that "nothing would be taken out of [Holloway's benefit] check." Id. at 1. Holloway expresses concern "that there were some forms of illegal activities done by government employees." Id. He now requests "a full investigation with a trial date in federal court, preferably with a jury to see if any of [Holloway's] rights were violated through this entire process." Id.

Even with the more liberal construction accorded a *pro se* litigant's pleading, Holloway's response still fails to provide a basis for this Court's jurisdiction. He does not allege exhaustion of his administrative remedies as required by Section 405(g) (an individual may seek judicial review of a "final decision" of the Commissioner of the Social Security Administration). To the extent that Holloway requests that the Court initiate an investigation of government employees, the Court notes that it does not have the power to do so. See generally In re United States, 441 F.3d 44, 58 (1st Cir 2006) (noting that "the federal courts in the American criminal justice system generally do not have the power to act as investigators or prosecutors of misconduct," and that "such powers are usually exercised by the grand jury and the executive branch.").

Based upon the foregoing, and in accordance with the Court's Memorandum and Order, Doc. No. 9, this action is dismissed without prejudice.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge